```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LUIS OLIVERAS,

                Plaintiff,        06 CV 3578 (DAB)
  -against-                           ADOPTION OF REPORT
                                                AND RECOMMENDATION

THOMAS WILKINS,

                Defendant.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On October 1, 2009, United States Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss the Amended Complaint be GRANTED in part and DENIED in part. (Report at 2.) Specifically, Magistrate Judge Dolinger recommends that the Motion be GRANTED as to Plaintiff's claims of race discrimination and retaliation, and DENIED as to Plaintiff's claim of gender discrimination. (Report at 16.) For the reasons set forth below, Magistrate Judge Dolinger's Report and Recommendation dated October 1, 2009 shall be ADOPTED in its entirety.

     Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy [of a Magistrate Judge's Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations. . ." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). "To accept the report and recommendation of a magistrate, to which no

timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). The District Court is required, however, to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

Both Plaintiff and Defendant have filed timely objections to the Magistrate's October 1, 2009 Report. The Court is also in receipt of and has reviewed a letter from Defendant dated November 5, 2009, responding to Plaintiff's objections, and a letter from Plaintiff dated January 1, 2010, responding to Defendant's letter.

Plaintiff spends four of his five pages of "objections" dated October 13, 2009 reiterating, not objecting to, the Magistrate's findings as to why Plaintiff's gender discrimination claim should not be dismissed. (See Pl.'s Objs. at 2-5.) Regarding the Magistrate's findings and recommendation that Plaintiff's race discrimination and retaliation claims should be dismissed for lack of exhaustion, Plaintiff makes no specific

2

objection, but complains only that Plaintiff "did not check whatever technical boxes on court documents, etc." because he did not have a lawyer, and that "[Defendant] has found a way to convince the Court that I did not exhaust my administrative duties" as a result.  (Pl.'s Objs. at 1.)  Unfortunately for Plaintiff, the exhaustion of administrative remedies is a precondition to bringing a Title VII claim in federal court for any Plaintiff, including one who files and prosecutes his case pro se.  See Francis v. City of New York & Human Res. Admin., 235 F.3d 763, 768 (2d Cir. 2000).  After a de novo review, the Court accepts and adopts the findings and recommendation of the Magistrate that Plaintiff's race discrimination and retaliation claims be dismissed.

In his Partial Objection to the Report and Recommendation dated October 9, 2009 ("Def.'s Obj."), Defendant objects at length to the Magistrate's finding that Plaintiff has adequately pled a claim for employment discrimination based on gender, and his recommendation that the claim survive dismissal.  Defendant argues that under the heightened pleading standards articulated by the Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), Plaintiff has failed to allege sufficient facts to support a plausible claim of gender discrimination.  (Def.'s Obj. at 11.)

3

Defendant fails to consider the liberal reading to which <u>pro se</u> Plaintiff's Amended Complaint is entitled, even after <u>Iqbal</u> and <u>Twombly</u>.  See <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after <u>Twombly</u>, though, we remain obligated to construe a pro se complaint liberally."); <u>see also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)) ("a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  As Magistrate Judge Dolinger notes, Plaintiff alleges in his Amended Complaint that he was attacked by a fellow female employee, and was terminated while she was retained, despite the fact that he was not the instigator.  (Report at 12.)  Plaintiff alleges, further, that the Assistant Federal Security Director at LaGuardia had recommended that both Plaintiff and the female employee be terminated but that the female employee's termination was later "rescinded."  (Report at 13, n.4; Am. Compl. ¶¶ 27-29.) Plaintiff attributes this disparate treatment in his allegations to a "sub rosa agreement" among management at TSA.  (<u>See</u> Am. Compl. ¶¶ 27-36.)  Plaintiff's Amended Complaint does not, as Defendant insists, rely on a "formulaic recitation of the elements of a cause of action", or "labels and conclusions", <u>Twombly</u>, 550 U.S. at 555, but makes a number of specific factual

4

allegations aimed at demonstrating a case of gender discrimination. If Plaintiff's allegations ultimately prove to be true, they may permit such a finding. (See Report at 14.) Accordingly, after conducting a de novo review, this Court agrees with Magistrate Dolinger that pro se Plaintiff's gender discrimination claim, read liberally and leniently, passes muster under Rule 12(b)(6).[1]

Having conducted the appropriate levels of review, this Court APPROVES, ADOPTS, and RATIFIES the Report and Recommendation of United States Magistrate Judge Michael H. Dolinger dated October 1, 2009 in its entirety. Defendant's Motion to Dismiss is GRANTED in part as to Plaintiff's race discrimination and retaliation claims, and DENIED in part as to Plaintiff's gender discrimination claim. Defendant shall answer

---

[1] Defendant's additional argument that Plaintiff's gender discrimination claim should be dismissed under Rule 41(b) for failure to comply with Judge Mukasey's May 11, 2006 order does nothing more than reiterate that argument as presented to the Magistrate Judge. As such, this Court need only review the Report's findings and recommendation on this point for clear error, see Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (where a party raises only general objections, "a district court need only satisfy itself there is no clear error on the face of the record."), and the Court finds no such error on the face of this record.

Plaintiff's remaining claim within thirty (30) days of the date of this Order.

SO ORDERED.

Dated:    New York, New York
          *February 5, 2010*

*Deborah A. Batts*

DEBORAH A. BATTS

United States District Judge

6