UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LUIS OLIVERAS,

                Plaintiff,         06 Civ. 3578 (DAB)
    v.                                              ORDER

THOMAS WILKINS, FEDERAL SECURITY
DIRECTOR, TSA, LAGUARDIA AIRPORT,

                Defendant.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

    On June 26, 2012, United States Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report"), recommending that Defendant's Motion for Summary Judgment be GRANTED in its entirety. (Report at 60.)  For the reasons set forth below, after conducting the appropriate level of review following the objections of Plaintiff and the response by Defendant, the Report and Recommendation of Magistrate Judge Dolinger dated June 26, 2012 shall be adopted as to its factual recitations and its findings and recommendations. Accordingly, the Court grants Defendant's Motion for Summary Judgment in its entirety.

    I.    Objections to the Report and Recommendation

    "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded

leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Plaintiff filed timely objections to Magistrate Judge Dolinger's Report, and Defendant filed a timely response to Plaintiff's objections.

Plaintiff's objections express his wholehearted and categorical disagreement with the Report, but do not specifically address any of the Report's conclusions. Instead, Plaintiff invites the Court to revisit discovery disputes which were resolved by Magistrate Judge Dolinger; makes factual arguments concerning the altercation which preceded his termination, which are not relevant to the Motion for Summary Judgment for the reasons detailed in the Report, see Report at 39; and cites the standards applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) to suggest that the Court must accept Plaintiff's factual allegations as true on a motion for summary judgment.

3

Plaintiff's objections are insufficient to trigger de novo review of the Report. The Court therefore reviews the Report for clear error. The Court having found none, the Report is adopted in its entirety and summary judgment for Defendant is GRANTED.

II. Conclusion

Having conducted the appropriate level of review of the Report and Recommendation of United States Magistrate Judge Michael H. Dolinger dated June 26, 2012, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and findings and recommendations in their entirety. Accordingly, Defendants' Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to enter judgment for Defendant and to close the docket in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         August 1, 2012

DEBORAH A. BATTS
United States District Judge